# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-3323
_____

United States of America

*Plaintiff - Appellee*

v.

Rodolfo Urieta-Barba

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: July 22, 2026
Filed: July 27, 2026
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and JUSTIN D. SMITH, Circuit Judges.
_____

PER CURIAM.

Rodolfo Urieta-Barba appeals the Guidelines-range sentence the district court[1] imposed after he pleaded guilty to a drug offense. He argues the court failed to

_____

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

adequately explain his sentence, placed too little weight on mitigating factors, and imposed a substantively unreasonable sentence.

Upon careful review, we conclude the district court did not abuse its discretion in sentencing Urieta-Barba. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (explaining that, in reviewing the imposition of a sentence, this court first ensures that there was no significant procedural error, then considers the substantive reasonableness of the sentence under the totality of the circumstances). First, we discern no plain procedural error in the explanation for Urieta-Barba's sentence, as the court stated it had considered the 18 U.S.C. § 3553(a) factors, adopted the pre-sentence report, and heard counsel's mitigating arguments. *See United States v. Krzyzaniak*, 702 F.3d 1082, 1085 (8th Cir. 2013) (clarifying that a procedural challenge is reviewed for plain error when the defendant did not object at sentencing); *see also United States v. Hunt*, 840 F.3d 554, 558 (8th Cir. 2016) (holding that because the court ruled on the pre-sentence report, heard the parties' arguments, and cited the § 3553(a) factors, its explanation was adequate). Next, Urieta-Barba's sentence was not substantively unreasonable, as the district court properly considered the section 3553(a) factors, including Urieta-Barba's mitigating arguments, and there is no indication that the court overlooked a relevant factor or committed a clear error of judgment in weighing the relevant factors. *See Feemster*, 572 F.3d at 461-62 (explaining substantive reasonableness); *see also United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (noting that a Guidelines-range sentence is presumed reasonable).

Accordingly, we affirm.

_____